Aaron M. McKown (SBN 208781)
Andrew M. Sussman (SBN 112418)
**McKOWN BAILEY**
620 Newport Center Drive, Suite 690
Newport Beach, CA 92660
Telephone:  (949) 858-3200
Email:  aaron@mckownbailey.com
        andrew@mckownbailey.com

Attorneys for Defendant
RUGS.COM, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LICEA, an individual, | Case No. 2:21-cv-05308-AB-GJS |
| Plaintiff, | Assigned to: Hon. Andre Birotte Jr. |
| vs. | |
| RUGS.COM, LLC, a South Carolina limited liability company; and DOES 1-10, inclusive | **DEFENDANT RUGS.COM LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Defendants. | |
| | Complaint filed: May 25, 2021 |
| | Complaint served:  June 3, 2021 |

Comes now, Defendant Rugs.com LLC ("Defendant") by and through undersigned counsel, hereby file this Answer and Affirmative Defenses to Plaintiff Luis Licea ("Plaintiff") and state:

Defendant answer the First Amended Complaint in correspondingly numbered paragraphs as set forth below. For convenience, Defendant use the same headings, designations, and paragraph numbers as Plaintiff, without admitting the substance of any such heading or designation. All allegations not expressly admitted below are hereby denied.

## INTRODUCTION

1. The allegations in Paragraph 1 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendant does not have sufficient information to admit or deny and therefore denies the allegations of Paragraph 1.

2. The allegations in Paragraph 2 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendant does not have sufficient information to admit or deny and therefore denies the allegations of Paragraph 2.

3. The allegations in Paragraph 3 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendant does not have sufficient information to admit or deny and therefore denies the allegations of Paragraph 3.

4. The allegations in Paragraph 4 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 constitute legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendant admits that this Court has subject matter jurisdiction over this dispute. Unless expressly

1

admitted, Defendant denies the allegations of Paragraph 5.

6.    Defendant denies the allegations of Paragraph 6.

## PARTIES

7.    Defendant does not have sufficient information to admit or deny the allegations of Paragraph 7 and thus, on that basis deny them.

8.    Defendants do not have sufficient information to admit or deny the allegations of Paragraph 8 and thus, on that basis deny them.

9.    The allegations in Paragraph 9 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant admits that it is a South Carolina corporation with its principal place of business in South Carolina.  Defendant further admits that it operates a website.  Except as expressly admitted, Defendant denies the allegations of Paragraph 9.

10.    The allegations in Paragraph 10 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 10.

11.    The allegations in Paragraph 11 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 11.

## FACTS

12.    The allegations in Paragraph 12 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant does not have sufficient information to admit or deny the allegations of Paragraph 12 and thus, on that basis deny them.

13.    The allegations in Paragraph 13 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant does not have sufficient information to admit or deny the allegations of Paragraph 13 and thus, on that basis deny them.

14.    The allegations in Paragraph 14 constitute legal conclusions for which

2

no response is required.  To the extent a response is deemed necessary, Defendant does denies the allegations of Paragraph 14.

15.     The allegations in Paragraph 15 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant admits that it operates a website.  Except as expressly admitted, Defendant denies the allegations of Paragraph 15.

16.     The allegations in Paragraph 16 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 16.

17.     The allegations in Paragraph 17 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 17.

18.     The allegations in Paragraph 18 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 18.

19.     The allegations in Paragraph 19 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 19.

20.     The allegations in Paragraph 20 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 20.

## CAUSE OF ACTION

### Violations of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*.

### (By Plaintiff Against All Defendants)

21.     Defendant reasserts the responses in paragraphs 1 through 20 as though fully set forth herein.

22.     The allegations in Paragraph 22 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant

3

denies the allegations of Paragraph 22.

23.     The allegations in Paragraph 23 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 23.

24.     The allegations in Paragraph 24 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 24.

25.     The allegations in Paragraph 25 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 25.

26.     The allegations in Paragraph 26 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 26.

27.     The allegations in Paragraph 27 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 27.

28.     The allegations in Paragraph 28 constitute legal conclusions for which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 28.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, Defendants assert the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to challenge any alleged barriers as Plaintiff did not visit Defendant's website prior to the filing of the initial complaint.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

THIRD AFFIRMATIVE DEFENSE

4

Plaintiff's claims are barred because, with respect to any particular technical element that departs from any applicable accessibility guidelines, if any, Defendant has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the website.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred because the claimed violations are "de minimis," and nonactionable because they do not materially impair Plaintiff's use of Defendant's website or any portion thereof.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred because the alterations made by Defendant to its website are sufficient in that they satisfy the "to the maximum extent feasible" standard.  28 C.F.R. § 36.402(a)(1); 42 U.S.C §12183(a)(2).

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendant has made good faith efforts to comply with the ADA and the Unruh Act including providing appropriate alternative access.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims under the Unruh Act are barred to the extent that they interfere with Defendant's compliance with laws and regulations that are equally applicable to all persons.

<u>NINTH AFFIRMATIVE DEFENSE</u>

The imposition of statutory minimum damages in this matter would violate Defendant's Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Defendant expressly and specifically reserves the right to amend this Answer to add, delete, and/or modify affirmative defenses based upon legal theories, facts and/or circumstances which may or will be developed through discovery and/or through further legal analysis of its position in this action.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by his Complaint;

2. That the Complaint be dismissed with prejudice as to Defendant and that judgment be entered in favor of Defendant;

3. That Defendant be awarded their costs; and

4. For such other and further relief as the Court may deem just and proper.

Dated:  August 3, 2021                    **McKOWN BAILEY**

By: _____
        Aaron M. McKown
        Attorneys for Defendant
        RUGS.COM, LLC

DEFENDANT RUGS.COM LLC'S ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES